# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Darwin Licona<br><br>*Defendant(s)* | Case No. 3:24-mj-70008 MAG |

FILED
Jan 05 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **June 16, 2023** in the county of **San Francisco** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute Fentanyl<br>Maximum penalties:<br>• 20 years imprisonment (21 U.S.C. § 841(b)(1)(C))<br>• $1,000,000 fine (18 U.S.C. 841(b)(1)(C))<br>• 3 years (min), life (max) supervised release (18 U.S.C. 841(b)(1)(C))<br>• $100 special assessment (18 U.S.C. § 3013) |

This criminal complaint is based on these facts:

See attached affidavit of DEA Task Force Agent Hakeem Oduniyi

☑ Continued on the attached sheet.

/s/Hakeem Oduniyi
*Complainant's signature*

Hakeem Oduniyi DEA Task Force
*Printed name and title*

Approved as to form  /s/
AUSA Sophia Cooper

Sworn to before me and signed in my presence.

Date: 01/04/2024

Judge's signature

City and state: San Francisco, California

Hon. Lisa Cisneros United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN
## ARREST WARRANT AND CRIMINAL COMPLAINT

I, Hakeem Oduniyi, a Special Agent with the Drug Enforcement Administration (DEA), having been duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Darwin LICONA-LICONA a/k/a Darwin Josue LICONA-LICONA ("LICONA") with possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), occurring on or about June 16, 2023, in Oakland, California, in the Northern District of California.

### SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

### AFFIANT BACKGROUND

4. I am a Special Agent with the DEA. I have been employed with the DEA and assigned to the Oakland Resident Office since March 2020. As a Special Agent of the DEA, I

am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute search warrants issued under the authority of the United States, and to make arrests for offenses of Federal law, including drug offenses.

5. I have attended various trainings regarding narcotics investigations, including a 14-week Basic Agent Training program where trainees are trained on surveillance techniques, evidence processing, drafting drug affidavits, writing search warrants, and interview techniques. Trainees are also trained on drug identification, courtroom testimony, and Federal laws pertaining to the possession, sale, and distribution of illegal narcotics.  I hold a B.S. degree in Criminal Justice Administration.

6. I previously served as a Task Force Officer with Immigration Customs Enforcement, Homeland Security Investigations, Border Enforcement Security Task Force, Gulf Coast HIDTA Group.  My parent agency was the Gulfport, Mississippi Police Department for approximately 6 years, where I held the rank of Detective in the Narcotics Division for approximately 3 years.  While assigned as an I TFO, I investigated a multi-state drug trafficking organization that trafficked drugs to include MDMA, cocaine, cocaine base, and marijuana from Houston, TX, through Gulfport, MS, to Atlanta, GA.  I also investigated illegal entry and alien in possession of a firearm cases. While assigned as a Narcotics Detective, I conducted nearly 200 drug investigations that included the illegal possession, sale, and trafficking of methamphetamine, cocaine, cocaine base, MDMA, pharmaceuticals, and marijuana as well as prescription fraud investigations. I also conducted robbery investigations, burglary investigations, and investigations of aggravated assaults.

7. My primary duties as a Special Agent with the DEA include the investigation of organized narcotics traffickers. I have participated in numerous narcotics investigations, during the course of which I have conducted or participated in: physical and wire surveillances, including previous Title III investigations, undercover transactions, the introduction of undercover agents, the execution of search warrants, debriefing of informants, and reviews of taped conversations and

drug records. I have also been the Affiant for federal search warrants and arrest warrants. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed and the methods of payment for such drugs. I have become familiar with conduct common among drug traffickers such as the concealment of monetary and non-monetary drug proceeds, the use of various conveyances to transport and traffic illegal narcotics, and the use of modern technology to aid in the growth and expansion of the drug trafficking organization.

8. I have performed and continue to perform various duties, which include, but are not limited to:

   a. Working in an undercover capacity principally for the purpose of purchasing drug evidence from wholesalers of illegal drugs;

   b. Working in the capacity of a surveillance agent detecting and recording movement of persons known to be or suspected of being involved in the illegal drug trafficking business;

   c. Working as a case agent directing the investigation of various illegal drug traffickers and their organizations; and

   d. Directing investigations involving complex conspiracies in which numerous drug traffickers located in various states, and foreign countries were working in concert to illegally import, possess and distribute illegal drugs within the United States.

9. Collectively, I possess a total of approximately 9 years of knowledge, training, and experience in law enforcement, which encompasses enforcing criminal statutes and conducting investigations.

## APPLICABLE STATUTE

10. **Possession of Controlled Substance with Intent to Distribute**. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly or intentionally possess with intent to distribute a federally controlled substance. Under 21 C.F.R. § 1308.12, fentanyl is a Schedule II controlled substance.

**STATEMENT OF PROBABLE CAUSE**

**A.     June 16, 2023: LICONA was found to be in possession of various narcotics, including fentanyl, while occupying a 2016 Dodge Charger in Oakland, CA**

11.     On June 16, 2023, at approximately 12:47 p.m., Officer L. Diaz and Officer Pelayo with the Oakland Police Department ("OPD") were conducting routine patrol when Officer Pelayo observed a 2016 Dodge Challenger bearing California license plate DEOL47 parked near the 6100 block of Bancroft Avenue Oakland, CA. Officer Pelayo and Officer Diaz observed the driver, H.S., with his (H.S.)' head down on the steering wheel.[1]

12.     The officers conducted a welfare check on H.S.  The officers contacted H.S. while announcing themselves as "POLICE" and H.S. immediately woke up. Both officers also contacted the right rear passenger, Darwin LICONA. Officer Diaz observed in plain view a straw with burnt residue (which the officers recognized based on their training and experience as drug paraphernalia) in the center cup holder and Officer Pelayo observed in plain view multiple small plastic bags containing suspected fentanyl near the right rear passenger seat in the immediate vicinity of LICONA.

13.     Officer Diaz instructed H.S. to exit the vehicle and Officer Diaz detained H.S. Officer Diaz searched H.S.' person which resulted in no contraband being found. While searching LICONA, Officer Pelayo seized from LICONA's front left and right pant pockets approximately $1,830 in U.S. currency of various denominations, one plastic bag containing multiple dosage units of counterfeit pills marked with "M" and "30" suspected to contain fentanyl (hereinafter "counterfeit M30 fentanyl pills"), and approximately eight clear plastics bags containing suspected fentanyl.

14.     Officers then conducted a probable cause search of the vehicle based on the drug paraphernalia and suspected narcotics observed in plain view and seized approximately four ziplock bags containing suspected methamphetamine, approximately 12 plastic bags containing

---

[1] Based on DMV records, the 2016 Dodge Challenger bearing California license plate DEAOL47 is registered to a H.S. at an address of on F Street in Petaluma, CA.

4

suspected fentanyl, one plastic bag containing multiple dosage units of Xanax pills, two black digital scales containing residue, and one plastic straw with burnt residue at the end.[2]

15. Upon conducting a records check on LICONA, it was determined that LICONA had two outstanding warrants through San Francisco Sheriff's Office for possession of a controlled substance.

16. H.S. denied ownership of the drugs, the straw with burnt residue, and stated the straw belonged to a third party who was no longer in the vehicle.

17. Based on my knowledge, training, experience, and consultation with other experienced officers, I know the amount of suspected fentanyl seized on June 16, 2023 is also an amount consistent with distribution versus personal use. The total weight of the fentanyl seized from Licona's person and within his vicinity in the vehicle was 1,155.6 grams +- .9 grams. That amount later tested positive for the presence of fentanyl based on laboratory testing. I also know based on my knowledge, training, experience, consultation with other experienced law enforcement officers, and knowledge of this investigation, drug dealers, such as LICONA, often have sandwich and/or smaller coin size bags, and multiple controlled substances to parcel out different types of drugs being sold on the streets, and digital scales used for measuring product distribution. I also know based on my knowledge, training, experience, consultation with other experienced law enforcement officers, and knowledge of this investigation, drug dealers, such as LICONA, often package their narcotics in a manner that allows for easy transactions and discrete handling, conceal their drugs in locations that are easily accessible, and retain large quantities of cash which reflect proceeds of illegal drug sales.

---

[2] The suspected fentanyl and suspected counterfeit M30 fentanyl pills seized from LICONA's person and the suspected fentanyl seized from the rear passenger seat in the vicinity of LICONA was sent to the DEA Western Regional Laboratory. The suspected fentanyl tested positive for the presence of fentanyl with a net weight of 1,155.6 grams +- .9 grams. 73.8 grams of the seized drugs tested positive for cocaine.

15. All of the foregoing—including LICONA's possession of multiple drugs, and the manner in which they were packaged, leads me to conclude there is probable cause to believe LICONA possessed the fentanyl found by law enforcement with the intent to distribute.

## CONCLUSION

16. Based on my training and experience, and the facts and circumstances set forth above, I believe probable cause exists to believe that on or about June 16, 2023 in the Northern District of California, LICONA possessed with the intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Accordingly, I respectfully request that the Court issue a criminal complaint and warrants for their arrest.

\_\_/s/_____
HAKEEM ODUNIYI
Special Agent
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 4th day of January 2024. This complaint and warrants are to be filed under seal.

_____
HONORABLE LISA J. CISNEROS
United States Magistrate Judge