ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SOPHIA COOPER (CABN 320373)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6473
    FAX: (415) 436-7234
    Sophia.Cooper@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DARWIN LICONA, <br><br> Defendant. | CASE NO. 3:24-mj-70008 MAG <br><br> MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION <br><br> Date: January 10, 2024 <br> Time: 10:30 AM <br> Court: Hon. Lisa J. Cisneros |

I.  INTRODUCTION

Darwin Licona is—by his own admission— a professional drug dealer. He has no discernible ties to the community aside from selling drugs, as evidenced by the conduct at issue here where he was found with nearly 2.5 pounds of fentanyl and admitted being a drug dealer for the past 3 years. The defendant is both a danger to the community and a significant flight risk. He cannot overcome the presumption that there is no condition or combination of conditions that can secure his appearance before the Court or provide for the safety of the community. He has listed no viable release address and no viable bail resources. In addition, he has multiple narcotics arrests and two prior orders of removal. He was arrested last week based on a state search warrant that uncovered a significant amount of drugs

in the common area of a shared residence where he lived, including 53.96 pounds of fentanyl, 3.7 pounds of methamphetamine, 16,316 counterfeit Xanax pills, 59.4 grams of heroin, 121 M30 fentanyl pills, and $13,276 in US currency.  Accordingly, the government requests that he be detained pending trial.

II. OFFENSE CONDUCT

On January 5, 2024, Mr. Licona was charged by Complaint with one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).   The conduct at issue occurred on June 16, 2023.   On that day at approximately 12:47 pm, two officers with the Oakland Police Department were conducting a patrol when they noticed a 2016 Dodge Challenger parked near the 6100 block of Bancroft Avenue.  The officers observed the driver with his head down on the steering wheel.   The officers conducted welfare check on the driver.  The officers observed in plain view drug paraphernalia, including a straw with burnt residue, as well as multiple small plastic bags suspected to be fentanyl.  The defendant was in the right rear passenger seat.  The fentanyl was near the right passenger seat in the immediate vicinity of the defendant.

The defendant was searched.  Officers found the following in the defendant's front left and right pant pockets:  $1,830 in U.S. currency, one plastic bag containing multiple dosage units of counterfeit pills marked with M30 (suspected to contain fentanyl), and approximately eight clear plastic bags containing suspected fentanyl.  A search of the vehicle recovered four Ziplock bags containing suspected methamphetamine, approximately 12 plastic bags containing suspected fentanyl, one plastic bag containing multiple dosage units of Xanax pills, two black digital scales containing residue, and one plastic straw with burnt residue at the end.   The drugs were sent to the DEA Western Laboratory, where suspected fentanyl tested positive as fentanyl with a weight of 1155.6 grams (plus or minus 0.9 grams) (net weight).   Cocaine in the amount of 73.8 grams (net weight) was also found.

Licona later told officers that the narcotics in his pocket were a mix of fentanyl, cocaine, Xanax, and methamphetamine.  He told officers that he sells 1 pill of Xanax for $1.00, 1 gram of fentanyl for $20,00, 1 gram of cocaine for $20.00, and 1 gram of methamphetamine for $5.00.  He stated that he has been selling drugs for about 3 years, and that the scales found in the car were used to weigh cocaine.  He also stated that some of the drugs located in the rear of the vehicle belonged to him, and that he was

currently under the influence of methamphetamine and fentanyl.

III.     LEGAL STANDARD

This Court can detain a defendant pretrial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk. *Id*. at § 3412 (b), (c). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. *Id*. at § 3142(f)(2)(B).

A finding that a defendant presents a risk of non-appearance must be supported by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Court considers four factors to determine whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Finally, the law presumes that no condition or combination of conditions will reasonably assure the appearance of the defendant, and the safety of the community, when the defendant is charged with an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3)(A).  In such cases, the burden of production shifts to the defendant. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors.  *See id*.

IV.     ARGUMENT

A.  <u>The Defendant Faces a Rebuttable Presumption in Favor of Detention.</u>

The defendant is charged with one count of distributing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C).  Given the fentanyl distribution charge, this offense carries a maximum term of

imprisonment of ten years or more under the Controlled Substances Act. As a result, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). As described below, the defendant will be unable to overcome this presumption.

B. The Defendant Cannot Overcome the Presumption that He Is a Flight Risk.

The defendant is a foreign national with no verified permanent employment other than being a professional drug dealer. He is not a United States citizen and faces deportation if convicted. He has already been removed once in 2016 and once in 2019. His removal history shows that he is undeterred by court orders and will not be amenable to pretrial release and conditions imposed by the court to assure pretrial attendance. In addition, the defendant has numerous arrests for narcotics, including a 2019 arrest by SFPD, and three arrests by SFPD in 2020 (01/10, 5/17, 5/27). It is the government's understanding that the May 27, 2020 charge is set for trial on two counts, one a narcotics charge, and that the defendant committed the offense while on bail. In that case, the defendant also falsely identified himself to avoid his prior arrest from coming up (resulting in a PC 148.9(a) charge). The defendant is also subject to an active stay away order (150 yards from the intersection of Hyde and Golden Gate) until 2026. Clearly, the defendant's conduct has not been deterred by repeated interactions with law enforcement.

In addition, Mr. Licona has identified no viable or permanent address to Pretrial Services. He notes staying at a friend's home in Oakland, but could not recall the specific address, and at other times has been transient. He lived in Honduras until 2018. He also has a Honduran passport. All of these factors, when taken together, demonstrate that the defendant poses a significant flight risk and has strong incentives to flee.

C. Defendant Cannot Overcome the Presumption that He is a Danger to the Community.

The defendant is also a significant danger to the community. In the instant offense, he was found with 1,155.6 grams of fentanyl (approximately 2.5 pounds). He also admitted to selling drugs, advising officers that the narcotics that were in his pocket were a mix of fentanyl, cocaine, Xanax, and methamphetamine. He also outlined his drug dealing for the officers, telling them the specific amounts he sells and what he charges for those amounts. And at the time of the June conduct, he advised officers

that he was under the influence of methamphetamine and fentanyl.

In addition, he was also arrested pursuant to a state search warrant that uncovered a significant amount of drugs in the common area of a shared residence where he lived, including around 24 kilos of fentanyl (53.96 pounds), 3.7 pounds of methamphetamine, 16,316 counterfeit Xanax pills, 59.4 grams of heroin, 121 M30 fentanyl pills, and $13,276 in US currency.

## V.   CONCLUSION

The Court should order the Defendant detained pending trial because he cannot overcome the presumption that there are no conditions that will reasonably assure his appearance at court proceedings or ensure the safety of the community.

DATED: January 11, 2024                                   Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


\_\_\_/s/_____
SOPHIA COOPER
Assistant United States Attorney