JODI LINKER
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:    (415) 436-7706
Email:         Daniel_Blank@fd.org

Counsel for Defendant LICONA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARWIN LICONA,<br><br>Defendant. | **Case No.:** CR 3:24–70008 MAG<br><br>**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**<br><br>**Court:**  **Hon. Lisa J. Cisneros**<br>**Date:**   January 24, 2024<br>**Time:**   10:30 a.m. |

**ARGUMENT**

Defendant Darwin Lincona respectfully submit this memorandum in opposition to the government motion for pretrial detention. Dkt. 8 (filed Jan. 11, 2024).

**I.      DEFENDANTS ARE ORDINARILY ENTITLED TO PRETRIAL RELEASE**

Pursuant to the procedures set forth in 18 U.S.C. § 3142, criminal defendants are ordinarily entitled to release before trial. *See United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985). Moreover, pursuant to that statute, an accused person shall be released pretrial on the "least restrictive" combination of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).   Only in "rare circumstances" may a court order a defendant detained pending trial. *Motamedi,* 767 F.2d at

1405.  These circumstances are limited to those in which a judge finds that "no condition or

combination of conditions" will (1) "reasonably assure" the appearance of the person at trial, and (2)

"reasonably assure" the safety of the community.  18 U.S.C. § 3142(e); *see also United States v.*

*Chen,* 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) ("Section 3142 does not seek ironclad guarantees,

and the requirement that the conditions of release 'reasonably assure' a defendant's appearance

cannot be read to require guarantees. . . .") (citations omitted). Along these lines, the government

bears the burden of proving by clear and convincing evidence first that a defendant poses a danger to

the community or by a preponderance of the evidence that the defendant poses a serious flight risk,

and then that there is no combination of conditions that will reasonably assure the safety of the

community and the presence of the defendant.  *See* 18 U.S.C. § 3142(e)-(f); *see also Motamedi,* 767

F.2d at 1406-07.  Pretrial release therefore "should be denied only for the strongest of reasons." *Id.* at

1407 (citation omitted).  And any doubts regarding the propriety of pretrial release are to be resolved

in favor of the defendant. *See United States v. Townsend,* 897 F.2d 989, 994 (9th Cir. 1990).

 In determining whether the government has met its burden in seeking detention, the Court is

required to take into account the following factors under the federal bail statute:

> (1) The nature and circumstances of the offense charged . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties,
> employment, financial resources, length of residence in the community,
> community ties, past conduct, history relating to drug or alcohol abuse,
> criminal history, and record concerning appearance at court proceedings;
> and
> (B) whether, at the time of the current offense or arrest, the person was on
> probation, on parole, or on other release pending trial, sentencing, appeal,
> or completion of sentence for an offense under Federal, State, or local law;
> and
> (4) the nature and seriousness of the danger to any person or the
> community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

 The Ninth Circuit has repeatedly emphasized that "'immigration status is not a listed factor'"

that may be considered under § 3142(g).  *United States v. Diaz-Hernandez,* 943 F.3d 1196 (9th Cir.

2019) (quoting *United States v. Santos-Flores,* 794 F.3d 1088, 1090 (9th Cir. 2015)).  Nor is alienage

a factor that weighs in favor of detention.  *See Motamedi,* 767 F.2d at 1408 (holding that alienage

1   "does not tip the balance either for or against detention"). Finally, the "weight of the evidence" in

2   support of the charge against the defendant "is the least important of the various factors." *Id.* As

3   such, "[a]lthough the statute permits the court to consider the nature of the offense and the evidence

4   of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id.*

5   (citation omitted).

6   **II.    STATUTORY PRESUMPTION OF DETENTION HERE IS REBUTTED**

7          In some specifically enumerated cases, the federal bail statute provides for a rebuttable

8   presumption of detention. *See* 18 U.S.C. § 3142(e)(2)-(3). It is undisputed that the charge in the

9   instant case falls under one of those sections; specifically that, "[s]ubject to rebuttal by the person, it

10  shall be presumed that no condition or combination of conditions will reasonably assure the

11  appearance of the person as required and the safety of the community if the judicial officer finds that

12  there is probable cause to believe that the person committed . . . an offense for which a maximum

13  term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C.

14  801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq), or chapter 705

15  of title 46." *Id.* § 3142(e)(3)(A).

16         However, in cases like this, where a statutory presumption of detention does apply, the

17  defendant only has the burden of producing "some evidence" that conditions can be fashioned to

18  reasonably assure his appearance in court and the safety of the community. *See, e.g., United States v.*

19  *Rodriguez,* 950 F.2d 85, 88 (2$^d$ Cir.1991). "Although the presumption shifts a burden of *production*

20  to the defendant, the burden of *persuasion* remains with the government." *United States v. Hir,* 517

21  F.3d 1081, 1086 (9th Cir. 2008) (citing *Rodriguez,* 950 F.2d at 88) (emphasis added). Once the

22  presumption has been rebutted, the government must meet its burden of demonstrating under the

23  standard set forth above that there are no conditions under which the defendant may be released. *See*

24  *id.; see also United States v. Stone,* 608 F.3d 939, 946 (6th Cir. 2010) ("Regardless of whether the

25  presumption applies, the government's ultimate burden is to prove that no conditions of release can

26  assure that the defendant will appear and to assure the safety of the community.")

27         Courts have repeatedly held that the defendant's burden of production to rebut a presumption of

28  detention "'is not heavy.'" *Stone,* 608 F.3d at 945 (quoting *United States v. Stricklin,* 932 F.2d 1353,

1355 (10th Cir.1991)).  As such, courts have recognized myriad circumstances under which a

defendant has rebutted the statutory presumption of detention, including:

- A favorable recommendation from U.S. Pretrial Services. *See, e.g., United States v. Robinson,* 733 F. Supp. 280 (N.D. Ill. 1990).

- A proposed condition of electronic monitoring and/or a surety.  *United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990); *see also United States v. Leyba,* 104 F. Supp.2d 1182 (S.D. Iowa 2000).

- Evidence elicited on cross-examination of government witnesses. 936 F. Supp. 412 (S.D. Tex. 1996).

- Employment and/or proposed custodian. *United States v. Alderson,* 2019 WL 926604 (E.D. Mich. 2019); *see also United States v. Giampo,* 755 F. Supp. 665 (W.D. Pa. 1990).

Along these lines, numerous courts have specifically found that acceptance into a residential drug treatment is sufficient to rebut the statutory presumption of detention.  *See, e.g., United States v. Parsons,* 2013 WL 12309385 (D. Mass. June 6, 2013) (holding that defendant rebutted presumption of detention by proposing "release to an in-patient drug treatment program"); *see also United States v. Jackson,* 2018 WL 4829198 *13 (E.D. Wis. Oct. 4, 2018) (noting that co-defendant Gray had rebutted presumption of detention with proposed condition of release to residential drug treatment program); *cf. United States v. Odom,* 2023 WL 3212677 *2-*3 (D. Utah May 2, 2023) (holding that proposed condition of release to a "residential drug treatment program" was sufficient to meet defendant's burden of production to rebut the presumption of detention, but ultimately ordering pretrial detention upon finding that the government had nevertheless demonstrated that the defendant posed an irremediable danger to the community by clear and convincing evidence, principally due to his "lengthy criminal history"); *United States v. Moore,* 2018 WL 1976481 *12 (E.D. Tenn. Apr. 18, 2018) (holding that defendant rebutted presumption of detention by proposing, inter alia, conditions of drug testing and treatment).

Unlike the defendant in *Odom,* Mr. Licona has no prior criminal convictions of any kind. Moreover, while residential drug treatment programs by their nature are not "lock-down" facilities,

their structure and accountability serve to reasonably assure the appearance of the defendant and the safety of the community. *See, e.g., United States v. Cary,* 2020 WL 4820719 *3 (W.D. Okla. Aug. 19, 2020) (rejecting government's argument that defendant should be detained because residential drug treatment program "is not a lock-down facility").

Undersigned counsel has been advised by Pretrial Services that the New Bridge residential drug treatment program does not accept monolingual Spanish speakers like Mr. Licona. However, there are other residential drug programs in that do, including two in Alameda County: La Familia and El Chante. Although Pretrial Services may not have a contract with those facilities, Mr. Licona could enroll in HealthPAC through Alameda County upon his release, which would pay for his participation in the program, even though he is undocumented.

## CONCLUSION

For the aforementioned reasons, the Court should hold that Mr. Licona has rebutted the statutory presumption of detention and order him released to a residential drug treatment program.

Dated:      January 18, 2024                          Respectfully submitted,

                                                       JODI LINKER
                                                       Federal Public Defender
                                                       Northern District of California

                                                       _____/S_____
                                                       DANIEL P. BLANK
                                                       Senior Litigator

DEF'S OPP. TO MOT. TO DETAIN
*LICONA*, CR 3:24–70008 MAG