CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3918
    FAX: (510) 637-3724
    ivana.djak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 24-CR-65 JSW** |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| DARWIN LICONA, | Court:        Hon. Jeffrey S. White |
| Defendant. | Hearing Date:  November 25, 2025 |
| | Hearing Time:  1:00 p.m. |

## I. INTRODUCTION

The Defendant, Darwin Licona, is a professional drug dealer. On June 16, 2023, the Defendant was found with over 1,100 grams, or 2.5 pounds, of fentanyl and he admitted to dealing drugs for three years before his arrest. On September 9, 2025, the Defendant pled guilty to Count One of the Indictment charging him with possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). *See* Dkt. No. 15, Indictment; Dkt. No. 56, Plea Agreement; Dkt. No. 58, Presentence Report ("PSR") ¶ 2. Sentencing is set for November 25, 2025.

The Defendant has repeatedly been arrested for drug trafficking conduct since at least 2019, and by his own admission has worked as a professional drug trafficker. He had large quantities of deadly drug on him on June 16, 2023. The Defendant's conduct and criminal history are serious and warrant a

substantial term of incarceration. He has also, however, promptly taken responsibility for his actions and saved the government substantial resources. Based on the nature and circumstances of the offense, the Defendant's criminal history, and the Defendant's acceptance of responsibility, the government submits that a custodial sentence of 57 months' imprisonment to be followed by three years of supervised release, is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a). A term of 57 months represents a sentence at the low end of the guideline range commensurate with the offense level contemplated in the Plea Agreement. Plea ¶ 7.

## II.     BACKGROUND

### A.     Offense Conduct

On June 16, 2023, in Oakland, California, the Defendant was involved in a traffic stop conducted by the Oakland Police Department. Officers observed indicia of drug use in the vehicle where the Defendant was and subsequently conducted a search. PSR ¶ 8. Officers found methamphetamine on his person and a large quantity of various drugs in the vehicle, including cocaine, Xanax, methamphetamine, and fentanyl. *Id*. ¶ 9. And specifically, officers found approximately 1,155.6 grams of fentanyl. *Id*. ¶ 11. The Defendant told officers he had been selling drugs for about three years, and he explained how he prices various quantities of drugs. *Id*. ¶ 10.

### B.     Defendant's Criminal History

The Defendant has repeatedly encountered law enforcement in the course of his drug trafficking activity. The Defendant was arrested in 2016 for alien inadmissibility in Arizona. PSR ¶ 36. In 2019 he was arrested again in Arizona for illegal reentry. *Id*. ¶ 37. In January 2019 he was arrested in Arizona for drunk driving, *id*. ¶ 30, and in December 2019 he was arrested in San Francisco for possessing for sale cocaine base, *id*. ¶ 38. In January and twice in May 2020 the Defendant was arrested in San Francisco for selling narcotics. *Id*. ¶¶ 31–33.

## III.    PROCEDURAL HISTORY

On January 5, 2024, the Defendant was charged by Complaint with possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Dkt. No. 1. On February 1, 2024,

24-CR-65 JSW

the Defendant was charged in a one-count Indictment with the same.  Dkt. No. 15.

On September 9, 2025, the Defendant pled guilty to the sole Count of the Indictment.  Dkt. Nos. 56, 57.  Sentencing is set for November 25, 2025.

## IV.     SENTENCING GUIDELINES CALCULATION

Pursuant to the Plea Agreement, the Parties agreed to a Base Offense level of 30, pursuant to U.S.S.G. §2D.1.1(c)(5), a three-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G § 3E1.1, and a two-level reduction for Zero Point Offender, pursuant to U.S.S.G. §4C1.1, resulting in a Total Offense Level of 25.  Plea Agreement ¶ 7.

The Defendant has a criminal history category of I.  PSR ¶ 29.  Based on a total offense level of 25 and a CHC of I, the guideline range is 57 to 71 months.

Probation additionally calculates a two-level reduction for having a minor role in the criminal activity, pursuant to U.S.S.G. §3B1.2(b).  PSR ¶ 29.  The Defendant had a large trafficking quantity of fentanyl, 2.5 pounds.  That he may have sold smaller individual amounts for less money does not mean that he had a lesser role in the drug trafficking offense or that he was only a street level dealer.  The Defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a mitigating role adjustment.  *See United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir. 2001).  Here there is no evidence beyond a statement that the Defendant sold smaller quantities of drugs for less money.

Accordingly, the correct total offense level is 25.  And the government recommends a low end of the guideline term of 57-months of custody and three years of supervised release.

## V.     APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court

should consider these factors applicable to this case, among others:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;

    (4)    the need for the sentence to protect the public from future crimes of the defendant;

    (5)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (6)    the need to provide restitution to any victims of the offense.

**VI.    RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS**

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 57 months to be followed by a three-year term of supervised release, commensurate with an Adjusted Offense Level of 25 and a CHC I.

The nature and circumstances of the Defendant's offense are serious. One June 16, 2023, the Defendant was found with 2.5 pounds of deadly fentanyl. He admitted to being a drug trafficker. Additionally, the Defendant has a long history of drug related arrests. He engaged in the offense conduct while other cases against him were pending.

While it is true that the Defendant has taken responsibility for the offense conduct, and the government accordingly does not seek a high end of the guideline range sentence, the Defendant failed to provide information about his background and history to Probation as part of their preparation of the PSR—he did not seek for this Court to consider any mitigating information. He also did not share any future plans for how to live a law abiding life in Honduras or the United States. A downward variance is not appropriate in this case.

A significant term of incarceration is warranted. The proposed 57-month term of incarceration will be the Defendant's longest term of incarceration, and together with a three year term of supervised

release will hopefully deter future criminal conduct.  The government is hopeful that the Defendant's acceptable of responsibility means that he will rejoin society in a more productive manner after this term of incarceration and rebuild a life for himself and his family.

The governments' recommendation of a custodial sentence of 57 months imprisonment takes all the above aggravating and mitigating factors into account.  A lengthy sentence is necessary to protect the public from an individual who has engaged in serious and dangerous criminal conduct and who has incurred numerous arrests related to drug trafficking.  The recommended sentence also reflects that the Defendant has taken responsibility for his actions.

A 57-month sentence followed by three years of supervised release is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

DATED:  November 18, 2025                         Respectfully submitted,

CRAIG H. MISSAKIAN
Acting United States Attorney

/S/
―――――――――――――――

Ivana Djak
Assistant United States Attorney

24-CR-65 JSW

5