Ramin Naderi (SBN: 183001)
**THE UNITED FIRM, A.P.C.**
2025 Gateway Pl., Suite 400
San Jose, CA 95110
Tel.: 408-516-1208
Fax: 408-516-1209
E-mail: Ramin@unitedfirm.com

Attorney For Defendant,
DARWIN LINCONA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) **CASE NO. 24-CR-65 JSW** |
|---|---|
| v., | ) **DEFENDANT'S SENTENCING MEMORANDUM** |
| DARWIN LINCONA | ) |
|  | ) DATE: November 25, 2025 |
|  | ) TIME: 1:00 p.m. |
| Defendant. | ) COURT: The Honorable Jeffrey S. White |

Defendant, Darwin Lincona, through his attorney of record, Ramin Naderi, respectfully submits this sentencing memorandum in advance of his sentencing hearing. As set forth below, the defense agrees with the Presentence Investigation Report and its recommendation. The Defense respectfully disagrees with the United States' Sentencing Memorandum's recommendation dated November 18, 2025.

**INTRODUCTION**:

On January 5, 2024, a Criminal Complaint was filed in the Northern District of California, alleging the defendant, Darwin Licona, violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl.

DEFENDANT'S SENTENCING MEMORANDUM
CASE NO.: 24-CR-65 JSW

On February 1, 2024, a one count Indictment was filed in the Northern District of California, charging the defendant, Darwin Licona, with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl (Count One). A Forfeiture Allegation was also filed pursuant to 18 U.S.C. § 853.

On September 9, 2025, the defendant pled guilty to Count One of the Indictment. Judgment and Sentencing are currently set for November 25, 2025 at 1:00 p.m., before the Honorable Jeffrey S. White, Senior United States District Judge.

The defendant was arrested on January 8, 2024, and made his initial appearance that same date before the Honorable Thomason S. Hixson, United States Magistrate Judge, and was remanded into custody, where he has remained.

**PERSONAL AND FAMILY INFORMATION:**

To say Mr. Licona has had a difficult life is an understatement. Darwin Licona was born on August 14, 1994, in Honduras to Nelson (unknown last name) and Martha Licona, age 58. Mr. Licona does not even know his father's name as he was killed when Mr. Licona was only one year old. He was raised primarily by his maternal grandmother and his mother. He does not have any siblings and was living in Honduras until he came to Oakland, California, approximately three years ago in 2020. Mr. Licona's basic needs were not always met during his childhood. His grandma was working while also caring for him. He would often help his grandma with working in the fields in Honduras, growing beans and corn. During his free time, he would play soccer. He reported no history of abuse to him or anyone in his household. Mr. Licona's family is aware of the instant offense, and they speak to him on a weekly basis.

Mr. Licona is married to Loana Jasmine. They married three years ago in Oakland, California. They share one child together, Jader Licona, four years old, and his partner has a daughter from a prior relationship. His relationship with his wife is good and they speak daily.

It is imperative to point out that Mr. Licona has a history of drug abuse. At the Pre-sentencing

DEFENDANT'S SENTENCING MEMORANDUM
CASE NO.: 24-CR-65 JSW

Interview, he indicated that he abused cocaine on a daily basis. Moreover, at the time of this offense, he was under the influence of methamphetamine and fentanyl. Mr. Licona is interested in participating in treatment if made available to him. Mr. Licona did indicate that his drug and alcohol use impacted his relationship with his family members.

**SETENCING GUIDELINES CALCULATIONS:**

Pursuant to the Plea Agreement, the Parties agreed to a Base Offense level of 30, pursuant to U.S.S.G. §2D.1.1(c)(5), a three-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G § 3E1.1, and a two-level reduction for Zero Point Offender, pursuant to U.S.S.G. §4C1.1, resulting in a Total Offense Level of 25. Plea Agreement ¶ 7. The Defendant has a criminal history category of I. PSR ¶ 29. Based on a total offense level of 25 and a CHC of I, the guideline range is 57 to 71 months.

Probation additionally calculates a two-level reduction for having a minor role in the criminal activity, pursuant to U.S.S.G. §3B1.2(b). PSR ¶ 29. The Government has objected to this point reduction. The Defense submits that the correct Total Offense Level is 25.

**APPLICABLE LAW:**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. Id. After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). Id. at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

DEFENDANT'S SENTENCING MEMORANDUM
CASE NO.: 24-CR-65 JSW

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

**RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS:**

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the defense respectfully recommends a custodial sentence of 29 months to be followed by a three-year term of supervised release.

While the nature and circumstances of the Defendant's offense are not minor, the Defense does not agree with the Government's assertion that Mr. Licona is a "professional drug dealer." The offense in this case lacks the sophistication that a professional drug dealer possesses in conducting his/her enterprise.

The Defense respectfully requests that this Honorable Court consider Mr. Licona's difficult life; the fact that he, himself, is a drug user; and that he will, most certainly, be deported and separated from his family in determining the appropriate sentence.

**THE JUDICIARY SENTENCING INFORMATION (JSIN):**

The Judiciary Sentencing INformation (JSIN) platform is an online sentencing data resource that provides sentencing data for similarly situated defendants. During the last five fiscal years (FY2020-2024), there were 544 defendants whose primary guideline was §2D1.1 and Fentanyl* was the primary drug type, with a Final Offense Level of 23 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 528 defendants (97%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 29 month(s) and the median length of imprisonment imposed was 27 month(s).

**CONCLUSION**:

Mr. Licona has pled guilty and is willing to accept full responsibility for his involvement in this case. He understands he will be sentenced for his role and is willing to accept full responsibility and the sentence handed down. He understands the gravity of the charged offense. The defense respectfully

DEFENDANT'S SENTENCING MEMORANDUM
CASE NO.: 24-CR-65 JSW

requests the court consider a more "lenient" sentence of 29-months in custody as recommended by Probation. Based on the totality of circumstances, especially given the fact that Mr. Licona will, most certainly, be deported and, thus, separated from his family, the defense respectfully submits that this penalty serves both general and specific deterrence.

DATED: November 20, 2025                           Respectfully Submitted,


                                                   /s/     Ramin Naderi

                                                   Ramin Naderi
                                                   Attorney for Mr. Licona

DEFENDANT'S SENTENCING MEMORANDUM
CASE NO.: 24-CR-65 JSW